**Marshall DAVENPORT, Clerk, Pulaski County Court, Appellant,**

v.

**Vernon REDMON et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 8, 1965.

Joseph A. Montgomery, Somerset, for appellant.

No attorney for appellees.

HILL, Judge.

This is an appeal from a judgment upholding the action of the Pulaski County Republican Executive Committee in naming five Republican nominees for magistrate and five nominees for constable for five new magisterial districts. Appellant prosecutes this appeal seeking a declaration of the rights of all parties herein.

On September 30, 1964, the Pulaski County Court entered a judgment reapportioning Pulaski County into five in lieu of eight magisterial districts. The Pulaski Circuit Court on February 17, 1965, adjudged the order void. On August 24, 1965, this Court reversed the judgment of the circuit court and adjudged the order of the county court valid. In the time provided by law, numerous persons qualified as candidates for the offices of magistrate and constable in the eight districts existing before the county court reapportioning. After the August 24 judgment of this Court those nominated in the May 1965 primary found themselves in varied situations. In some instances more than one nominee resided in the same newly created district. Others did not reside in the new district in which they were nominated. There were eight Republicans nominated for magistrate and

only five new districts. There were three Democrats nominated for magistrate, but two of them reside in one of the new districts. Eight Republicans and four Democrats were nominated for the office of constable.

On September 24, 1965, the Pulaski County Republican Executive Committee met and nominated two persons for each of the five new districts, one for magistrate and the other for constable. It is contended by appellees this action was authorized by KRS 119.020 and 118.090, even though on their face the statute provides only for finding a vacancy after the primary. The material part of Section 119.020 as amended in 1964 is as follows:

"(3) If a vacancy occurs in the nomination of an unopposed candidate or in a nomination made by the primary before the ballots are printed for the regular election, the governing authority of the party may provide for filling the vacancy. * * *"

Section 118.090 provides:

"(4) In case of death, resignation or removal of any such candidate subsequent to nomination and before the ballots are printed, the chairman of the state, county or city district committee shall fill the vacancy * * *."

In connection with the last quoted statute, it should be noted that the Chairman of the Pulaski Republican Executive Committee was present and participated in the nomination in question.

■■■ True, KRS 119.020 intended to require nominations to be made by the two political parties instead of by conventions. In the instant case, a good faith effort was made to nominate according to statute. It is not a case in which the party did not nominate at all. It was a selection of nominees under a mistake of law. In fact, a forceful argument may be made for the proposition that the nominations made in the May primary were valid; however, the established rule of this Court is that on a reversal finding the order of the county court valid, it is considered a valid order from the beginning. In any event, we think the statutes quoted above should have a liberal meaning in such a situation as we have here. Certainly, the legislature intended to write a law allowing the filling of vacancies in this manner. This conclusion does not violate the spirit of the statute.

We conclude the judgment appealed from is correct, and it is affirmed.